**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**GEORGE PATE** and
**JANE PATE,**

      Plaintiffs,

      vs.                                     No. **CIV 01-1092-MCA/KBM**

**COMMISSIONER CHARLES O. ROSSOTTI,
INTERNAL REVENUE SERVICE,
DEPARTMENT OF THE TREASURY,**

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' *Motion for Relief - Rule 60b* (Doc. 12), filed December 30, 2002, and *United States' Motion to Supplement Record with Affidavit* (Doc. 17), filed March 12, 2004. Having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court **denies** Plaintiffs' motion for lack of subject matter jurisdiction, **denies** Defendant's motion as moot, and **dismisses** the action.

**I.    BACKGROUND**

On September 20, 2001, *pro se* Plaintiffs George and Jane Pate filed a complaint against Internal Revenue Service (IRS) Commissioner Charles O. Rossotti, seeking the return of "capriciously denied" overpayments for the years 1993, 1994, and 1995. Plaintiffs

demanded refunds of $13,552, $16,542, and $8,047, as well as damages incurred in connection with the prosecution of their claims. (See Doc. No. 1). After the United States answered the complaint and Plaintiffs responded to the government's answer, Plaintiffs filed a motion for summary judgment, which has not been ruled upon. (Doc. No. 6). Documents in the record, however, suggest that, on August 27, 2002, Plaintiffs' accountant, Anthony Grieco, tendered an offer to the government on behalf of Plaintiffs to compromise their tax-refund suit. (See Doc. No. 13, attached August 28, 2002, letter from Jonathan Williams to Tony Grieco). The government acknowledged Grieco's offer in its letter of August 28, 2002, wherein it stated, in pertinent part,

> This is to acknowledge the offer of August 27, 2002, on behalf of George & Jane Pate to compromise the tax refund suit filed for tax years 1993, 1994 and 1995. I interpret the offer to be as follows:
>
> . . . .
>
> 3. For income tax year 1995, no refund will be issued.
>
> 4. The parties will sign the attached Notice of Settlement and Stipulation for Dismissal with Prejudice. . . .
>
> 5. All other relief will be dismissed.

(Id.). The parties then executed two undated documents captioned ***Joint Notice of Settlement*** (Joint Notice) and ***Stipulation for Dismissal with Prejudice*** (Stipulation). (Docs. Nos. 3, 5, 10, 11). The Joint Notice stated that the parties had reached an agreement to resolve all claims alleged in the case, and that, pursuant to the agreement, Plaintiffs would be issued a check by the United States Treasury. (Doc. No. 10). The Stipulation stated, in

relevant part, that "[t]he parties have performed there [sic] respective obligations under the settlement agreement [and that] . . . IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and Defendant that all relief requested in the complaint shall be denied and this action shall be dismissed with prejudice." (Doc. No. 11). The Joint Notice was filed with the Court on September 9, 2002, the Stipulation was filed October 8, 2002, and the case was dismissed pursuant to the parties' agreement and without Court action. (See Dkt. Entry 11).

On December 30, 2002, Plaintiffs filed a Rule 60(b) motion for relief from the Joint Notice and Stipulation on grounds that (1) they never received a refund for their 1995 overpayment; (2) the government attorney required that they sign the Joint Notice and Stipulation before issuing a check or disclosing the amount of refund they could expect to receive; and (3) their agreement to settle this dispute was obtained by fraud, misrepresentation, or other adverse conduct on the part of the government. (Doc. No. 12). Plaintiffs assert that their accountant lacked authority to execute agreements on their behalf, and that the government was aware of this fact. (Id.). In response, the government states that throughout its dispute with Plaintiffs, it has dealt with Grieco, who acted as their agent and as intermediary between them and the government because Plaintiffs chose not to retain an attorney. (Doc. No. 13 at 2). Plaintiffs reply that (1) Grieco had no authority to make any legal or financial decisions for them, (2) the government demanded their signatures on the Joint Notice and Stipulation before it would disclose the amount of any refund or issue a

check, and (3) the government attorney signed Plaintiffs' names to the Joint Notice and Stipulation without their permission.[1]  (Doc. No. 14).

## II. <u>ANALYSIS</u>

"It is a well-known principle that the Court may examine its subject matter jurisdiction at any time in the proceedings."  <u>Sandoval v. N.M. Tech. Group LLC.</u>, 174 F. Supp. 2d 1224, 1227 (D.N.M. 2001).  To be sure, even if the parties do not raise the question jurisdiction, "it is the duty of the federal court to determine the matter *sua sponte*."  <u>Tuck v. United Servs. Auto Ass'n</u>, 859 F.2d 842, 844 (10th Cir. 1988) (quotation omitted); <u>see also</u> Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  For this reason, parties to an action cannot waive jurisdiction, nor can jurisdiction be conferred upon a federal court by consent, inaction, or stipulation.  <u>Tuck</u>, 859 F.2d at 844 (citing <u>Basso v. Utah Power & Light Co.</u>, 495 F.2d 906, 909 (10th Cir.1974)).

Parties may, however, stipulate to the voluntary dismissal of an action without order of the Court.  Fed. R. Civ. P. 41(a)(1).  Unless dismissal occurs before either service of answer by the adverse party or motion for summary judgment, whichever occurs first, dismissal is effected by the filing of a stipulation of dismissal signed by all parties who have

---

[1] The Court held a status conference on Wednesday, March 10, 2004, at 1:00 P.M.  Notice was sent on February 27, 2004, to Defendant, who appeared through Christopher R. Egan, and Plaintiffs, who failed to appear.  (<u>See</u> Dkt. Entry 16).  Plaintiffs' notice was mailed to 903 W. Alameda, #208, Santa Fe, NM 87501, their address of record with the Court as of February 27.  On March 11, Plaintiffs, having learned that they had missed the status conference, informed the Court that their current address is 107 Central Park Square, #119, Los Alamos, NM 87544.  This Memorandum Opinion and Order is being sent to both addresses.

appeared in the action.  See Fed. R. Civ. P. 41(a)(1)(ii).  In Smith v. Phillips, the Tenth Circuit discussed the role (or, more accurately stated, lack thereof) played by the district court in a Rule 41(a)(1)(ii) dismissal.

Smith involved the district court's attempt to order the parties before it to disclose the terms of a settlement agreement after the parties had stipulated to dismissal of the action pursuant to Rule 41(a)(1)(ii).  Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989).  The Tenth Circuit held that a stipulated dismissal entered under Rule 41(a)(1)(ii) and signed by the district court divested the court of jurisdiction to order the settlement agreement to be made public.  Id.  In reaching this decision, the court explained that Rule 41(a)(1)(ii) anticipates that the district court will have no role to play in a settlement agreement giving rise to a stipulated dismissal unless requested by the parties or unless the settlement is embodied in a court order by agreement of the parties and the court.  Id. at 905.  The court went on to state that "[a] voluntary dismissal by stipulation under Rule 41(a)(1)(ii) is of right, cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court.  Once the stipulation is filed, the action on the merits is at an end."  Id. at 904.  The court expressed its agreement with the Seventh Circuit's statement in McCall-Bey v. Franzen that "[a]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Fed.R.Civ.P.] 60(b).  Id. (quoting McCall-Bey v. Franzen, 777 F.2d 1178, 1185 (7th Cir. 1985)).

McCall-Bey involved the district court's efforts to enforce a settlement agreement two months after it had entered an order pursuant to Rule 41(a)(2) dismissing with prejudice the plaintiff/prisoner's civil-rights action against prison officials. McCall-Bey, 777 F.2d at 1181-82. In contrast to Section (a)(1), Section (a)(2) of Rule 41 expressly states that "an action shall not be dismissed . . . save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). In concluding that the district court was empowered to enforce the settlement agreement, the Seventh Circuit held that the district judge deliberately retained jurisdiction to do so. See id. at 1190. Critically, however, the court pointed out that

> [i]f indeed the case was dismissed under Rule 41(a)(1)(ii), the plaintiff could not later complain to the court that the dismissal had been premised on a settlement agreement that the defendant had violated, and ask the court to order the defendant to abide by the agreement. The court would not have jurisdiction over the dispute merely by virtue of having had jurisdiction over the case that was settled. The violation of the settlement agreement would be a breach of contract remediable under state but not federal law.

Id. at 1185. Summing up on this point, the court explained that "unless jurisdiction is retained[,] the settlement agreement requires an independent basis of federal jurisdiction in order to be enforceable in federal rather than state court." Id. at 1187. Moreover, speaking specifically of the use of Rule 60(b) as a vehicle by which a district judge might grant relief, the court differentiated between "the power of a district judge . . . to restore a previously dismissed case to his docket, which he undoubtedly has, [and the] power to adjudicate a breach of contract, which he may not have—and certainly does not have by virtue of Rule 60(b)." Id. at 1186.

In this case, the *Stipulation* does not state under which provision of the Federal Rule of Civil Procedure it has been brought. (Doc. 11). However, logic and common sense dictate that the supporting Rule could only have been Rule 41(a)(1)(ii) because (1) the *Stipulation* was filed after service of Defendant's answer and after Plaintiffs filed their motion for summary judgment, and (2) the Court has taken no action on with respect to the *Stipulation*. See generally Fed.R.Civ.P. 41(a). Indeed, Plaintiffs concede that "the court has rendered no decision, judgment, or decree in the cause." (Doc. 12, attached December 30, 2002, affidavit of George and Jane Pate). Although the natural implication of Plaintiffs' assertion would seem to be that the Court, therefore, has continuing jurisdiction over this matter, case law supports the exact opposite conclusion. See Smith, 881 F.2d at 905 ("The rule [41(a)(1)(ii)] anticipates that the district court will have no role to play in the settlement unless requested by the parties or unless the settlement is embodied in a court order by agreement of the parties and the court."); Mc-Call-Bey, 777 F.2d at 1181-90. Accordingly, the Court is without jurisdiction to entertain Plaintiffs' motion. See Mc-Call-Bey, 777 F.2d at 1187.

**III.    CONCLUSION**

For the foregoing reasons, the Court denies Plaintiffs' *Motion for Relief - Rule 60b* (Doc. 12) for lack of subject matter jurisdiction, denies *United States' Motion to Supplement Record with Affidavit* (Doc. 17) as moot, and dismisses the action.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' *Motion for Relief - Rule 60b* is **DENIED** for lack of subject matter jurisdiction, *United States' Motion to Supplement Record with Affidavit* is **DENIED** as moot, and this action is **DISMISSED**.

**SO ORDERED,** this **15th** day of **March, 2004**, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
*United States District Judge*